IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONNA M. UNDERBERG, as Personal Representative of the Estate of Thomas J. Underberg and as Personal Representative on behalf of Donna M. and Mark G. Underberg,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>EMPLOYER MUTUAL CASUALTY COMPANY,<br><br>　　　　　Defendant. | CV 15-112-BLG-TJC<br><br>**ORDER LIFTING STAY AND SETTING TELEPHONIC PRELIMINARY PRETRIAL CONFERENCE** |

On May 16, 2016, this case was stayed pending resolution of the underlying litigation, Underberg v. FCA US, et al., Cause No. DV 15-077, Montana Seventh Judicial District Court. (Doc. 20.) The Court is in receipt of the parties' Joint Status Report which indicates the underlying litigation has settled, and therefore this action is ripe to proceed. (Doc. 22.) Accordingly, IT IS ORDERED that the stay is lifted.

IT IS FURTHER ORDERED:

1.　Pursuant to Fed. R. Civ. P. 16(a), a telephonic Preliminary Pretrial Conference shall be held on **February 21, 2017 at 11:00 a.m.** before Magistrate Judge Timothy J. Cavan. Lead trial counsel for the respective parties are required

to participate in the conference.  Counsel must follow these steps to use the Court's conferencing system:

    a.    Dial 1-877-848-7030
    b.    Enter Access Code 5492555 #
    c.    Press #
    d.    State your name at the tone.

The conference is intended to develop a case-specific plan for discovery and a schedule for disposition of the case.  Counsel should prepare to take part in meaningful discussions of material contained in the pretrial statements.  The case management plan resulting from the preliminary pretrial conference is not subject to revision absent compelling reasons.

    2.    Any party who wishes to appear in person for the conference rather than by telephone may do so.  If any party intends to appear in person, they must so state in the first paragraph of their preliminary pretrial statement.  If it is impossible for lead trial counsel to participate in the preliminary pretrial conference at the time set, application for an extension must be made by motion no less than fourteen (14) days before the conference.  The motion must certify that all parties have been contacted concerning the extension and state whether any opposing party objects.  Requests to change the conference will be granted for good cause shown.

    3.    On or before **January 31, 2017**, lead counsel for the respective parties shall confer to consider the matters listed in Fed. R. Civ. P. 26(f).  On or before

**February 14, 2017**, the parties shall file with the Court an updated joint discovery plan formulated at the Rule 26(f) conference.

4. Pursuant to Fed.R.Civ.P. 26(f)(3)(B), the parties will design the joint discovery plan to require simultaneous disclosure of all liability experts. Plaintiff's damages experts shall be disclosed on the same day. Defendant's damages experts shall be disclosed thirty days thereafter. Expert disclosures must comply with Fed. R. Civ. P. 26(a)(2)(B) on or before the deadline for disclosure. Discovery shall close thirty to sixty days after the deadline for disclosure of Defendant's damages experts. The parties should propose a date certain for the close of discovery. Other dates, including a motions deadline and a trial date, will be set at the preliminary pretrial conference.

The parties should also bear in mind that, as the case develops, they may agree among themselves to extend discovery. Fed. R. Civ. P. 29. However, the discovery deadline set by the Court will not be continued, nor will the Court entertain discovery motions based on post-deadline occurrences.

5. Pursuant to Rule 26(d), a party may commence discovery immediately upon providing its Rule 26(a)(1) Initial Disclosure to opposing parties.

6. On or before **February 14, 2017, 2017**, each party shall file an updated preliminary pretrial statement. The statement shall address all matters listed in L.R. 16.2(b)(1). The statement shall also include any issues relating to the

disclosure or discovery of electronically stored information including (a) issues pertaining to the preservation of such information and (b) issues relating to the form or forms in which such information should be produced. *See* Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).

7. On or before **February 14, 2017**, Plaintiff shall separately file an updated Statement of Stipulated Facts to which all parties agree, pursuant to L.R. 16.2(b)(3).

8. All attorneys admitted to the Bar of this Court shall takes steps to register in the Court's electronic filing system ("CM/ECF"), and shall begin filing electronically as soon as possible. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. Any party not filing electronically is directed to include a disk in WordPerfect or Word format that contains its preliminary pretrial statement and its pleading(s) (i.e., Complaint or Answer and Amended Complaint or Answer, etc.). If the joint discovery plan is not filed electronically, Plaintiff's disk must also include it.

9. Each party to the case must be represented at the pretrial conference by at least one person with authority to enter stipulations.

10. The parties are advised that incomplete or inadequate information on the preliminary pretrial statement will be deemed an admission by the party that the matter is non-complex and may result in the case being set on an expedited trial

docket.

DATED this 11th day of January, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge